McKinney, J.,
delivered the opinion of the Court.
The indictment is founded upon sec. 4606, of the Code. It charges .that the defendant, on the 6fch day of June, 1857, *268 “did bite off a piece of the left ear of one James Everhart,” &c. This offence is made a felony, punishable by imprisonment in the penitiary not less than two, nor more than ten years.
The jury found the defendant not guilty of the felony charged in the indictment, but guilty of an assault and battery ; and, by their verdict, assessed a fine of ninety-five dollars for his offence.
Upon this verdict, the Court rendered judgment, from which the defendant appealed.
The errors assigned upon this record, are not well founded:
1st. It is expressly provided by sec. 5223 of the Code, that, “ Any person indicted for an assault with intent to kill, or to commit any other felony, may be found guilty of an assault, or assault and battery, as the case maybe.” And by the last clause of the preceding section, it is declared that, “ the defendant may also be found guilty of any offence, the commission of which is necessarily included in that with which he is charged, whether it be a felony or misdemeanor.” Under either of the foregoing provisions, the verdict is well sustained.
2d. The prosecution was not commenced until more than twelve months after the commission of the offence; and it is assumed that the defendant could not, therefore, be convicted of the lesser offence; the limitation of prosecutions for misdemeanors being twelve months, by sec. 4983. This is an erroneous assumption. The prosecution being for a felony, and not for a misdemeanor, the limitation prescribed in felonies of the grade charged in the indictment, applies to the case, and not the limitation for the misdemeanor, of which the defendant was found guilty, as being included in the felony. And in cases of this grade, the limitation is five years, by sec. 4986.
The propriety of the assessment of the fine by the jury, is not questioned.
Judgment affirmed.